**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30268 |
| Plaintiff - Appellant, | D.C. No. 4:10-CR-00193-EJL |
| v. | |
| KORIE L. CLEMENS, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted October 12, 2012[**]
Portland, Oregon

Before: SILVERMAN, CLIFTON, and N.R. SMITH, Circuit Judges.

Korie L. Clemens appeals his 188 month sentence for unlawful possession

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of firearms in violation of 18 U.S.C. § 922(g)(1).[1] We affirm.

Clemens does not contend that the district court committed any procedural error in the calculation of the guidelines sentencing range but challenges only the substantive reasonableness of the sentence. We examine the totality of the circumstances, applying the "abuse of discretion" standard. *Gall v. United States*, 552 U.S. 38, 46, 56 (2007); *United States v. Ressam*, 679 F.3d 1069, 1086 (9th Cir. 2012) (en banc). A sentence may be set aside on appeal as substantively unreasonable only if we have "a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors." *Id*. at 1087. As we noted in *Ressam*, *id*. at 1087 n. 8, we adopted a two-part objective test in *United States v. Hinkson*, 585 F.3d 1247, 1260 (9th Cir. 2009) (en banc), to define in more precise terms what is required to support a conclusion that there was an abuse of discretion by the district court. That test "requires us first to consider whether the district court identified the correct legal standard for decision of the issue before it. Second, the test then requires us to determine whether the district court's findings of fact, and its application of those findings of fact to the correct legal standard, were illogical, implausible, or without

---

[1] The appeal waiver contained in the plea agreement does not preclude this appeal because it was premised on the incorrect assumption that the sentence could not exceed 10 years.

support in inferences that may be drawn from facts in the record." *Hinkson*, 585 F.3d at 1251.

Clemens' argument is based on the incorrect impression, shared by the government and the district court at the times that he entered into a plea agreement and pled guilty, that he faced a maximum sentence of ten years. But his past criminal record meant that under the Armed Career Criminal Act he faced a longer maximum sentence and, indeed, a statutory minimum sentence of fifteen years. The presentence report made that clear. Thereafter Clemens declined opportunities to rescind the plea agreement and to withdraw his guilty plea. The sentence imposed by the district court was consistent with Clemens' prior record and the ACCA. The plea agreement, as it stated itself, did not bind the district court.

Clemens does not challenge the legal standard identified and applied by the district court in sentencing him. Nor does he contend that any factual findings by the sentencing court, including the determination that he was a career criminal under the ACCA, were illogical, implausible, or without support in the record. That Clemens may have hoped that his past would not catch up with him, and that he may have been encouraged in that hope by the understandings of the prosecutor and the magistrate judge at the time the plea agreement was entered and the change of plea accepted, is not a reason to require the district court to disregard his actual

3

criminal history and the ACCA.  The sentence imposed by the district court was not substantively unreasonable.

**AFFIRMED.**